IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KENNETH REVEN McCLAIN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 3:09-CV-1721-M-BH |
| | § | |
| **WILL BUESCHEL, and** | § | |
| **UNITED STATES,** | § | |
| | § | |
| **Defendants.** | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to Special Order No. 3-251, this case was referred for pretrial management, including the determination of non-dispositive motions and the issuance of findings, conclusions, and recommendation to the District Court on dispositive motions. Before the Court is *Defendant United States' Motion to Dismiss and Memorandum in Support* (doc. #7) ("Mot."), filed November 30, 2009. Based on the relevant filings, evidence, and applicable law, Defendant's motion to dismiss should be **GRANTED**.

### I. BACKGROUND

Plaintiff Kenneth Reven McClain sued Will Bueschel and United States Postal Inspector Jeff Terry for libel, defamation, slander, business disparagement, civil conspiracy to cause personal injury, and civil conspiracy to cause defamation, in state court on December 15, 2008. (*See* doc. 1, pp. 9, 38-45). Plaintiff alleged that Bueschel and Terry were responsible for false information published about him in an article in USA Today and that their actions had resulted in direct pecuniary losses to his business and business interests. (*See* doc. 1, pp. 38-45). Pursuant to 28 U.S.C. 1442(a), and upon certification by the United States Attorney for the Northern District of Texas that Terry was acting within the scope of his federal employment by the United States Postal

Service when the incident giving rise to this suit occurred, Terry removed the suit to federal court. (*See* doc. 1, pp. 1-3; doc. 3). On November 25, 2009, the District Court substituted the United States for defendant Terry and dismissed all claims against him, noting that because Terry was acting within the scope of his employment at the time of the alleged incident, the exclusive remedy for the claims against him was an action against the United States. (*See* doc. 6 citing 28 U.S.C. § 2679(b)(2) and § 2679(d)(2)). On November 30, 2009, the United States filed a 12(b)(1) motion to dismiss the claims against it for lack of subject matter jurisdiction. (*See* doc. 7). Plaintiff did not file a response,[1] and the motion is now ripe for consideration.

## II. RULE 12(b)(1) STANDARD

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

The district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). The Fifth Circuit recognizes a distinction between a

---

[1] On December 30, 2009, Plaintiff filed a document entitled "Response to 12/07/2009 Order" stating in pertinent part: "Due to [the] fact that claims have been dismissed towards defendant Jeff Terry, there is no reason for me to file a response and brief containing citations to relevant authorities in relation to [the motion to dismiss]..." (*See* doc. 10).

2

"facial attack" and a "factual attack" upon a complaint's subject matter jurisdiction. *Rodriguez v. Tex. Comm'n on the Arts*, 992 F. Supp. 876, 878 (N.D. Tex. 1998), *aff'd*, 199 F.3d 279 (2000). "A facial attack requires the court merely to decide if the plaintiff has correctly alleged a basis for subject matter jurisdiction" by examining the allegations in the complaint, which are presumed to be true. *Id.* If the defendant supports the motion with evidence, however, then the attack is "factual" and "no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson*, 645 F.2d at 413. Regardless of the attack, "[t]he plaintiff constantly bears the burden of proof that jurisdiction does exist." *Rodriguez*, 992 F. Supp. at 879 ("The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.").

In this case, the United States has attached exhibits in support of its motion to dismiss for lack of subject-matter jurisdiction. (*See* Mot., Ex. B). The motion therefore represents a factual attack, and no presumption of truth attaches to Plaintiff's factual allegations. Because Plaintiff does not contest Defendant's proffered evidence, however, there are no disputed facts to resolve.

### III. JURISDICTION

The United States moves to dismiss the claims against it on grounds that Plaintiff failed to exhaust his administrative remedy prior to filing suit as required by 28 U.S.C. § 2675(a), and that the Federal Tort Claims Act contains an express exclusion for libel, slander, misrepresentation and other intentional torts. (Mot. at 3).

Since Plaintiff's claims of business disparagement, libel, slander, defamation, and civil conspiracy to cause personal injury and defamation constitute state torts against a federal actor, they arise under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671-2680. *See* 28

U.S.C. §§ 1346(b)(1).  "In the FTCA, Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees." *Ali v. Fed. Bureau of Prisons*, 128 S. Ct. 831, 835 (2008).  However, to successfully sue under the FTCA, "a plaintiff must name the United States as the sole defendant.'" *McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998).  More importantly, for jurisdictional purposes Plaintiff must exhaust his administrative remedies under the FTCA before filing suit.  *See McNeil v. Unites States*, 508 U.S. 106, 112-13 (1993); *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995).

"Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under the Tort Claims Act, and absent compliance with the statute's requirement, [a] district court [is] without jurisdiction." *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222-23 (5th Cir. 1989).  Section 2675(a) of Title 28 of the United States Code provides, in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

In this case, Plaintiff has not alleged that he has exhausted his administrative remedies in compliance with § 2675(a), and the evidence before the Court demonstrates that he did not file an administrative tort claim with the United States Postal Service before filing his lawsuit. *(See* Mot., Ex. B). Consequently, the Court does not have jurisdiction over Plaintiff's claims against the United States, and they should be dismissed for lack of subject matter jurisdiction.

### IV.  REMAINING STATE CLAIMS

Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiff's remaining claims against defendant Beuschel. Because dismissal of the federal claims over which it has original jurisdiction is recommended, the Court must also decide whether to retain jurisdiction over the remaining state claims. *Id*. at § 1367(c)(3).

Supplemental jurisdiction over state law claims is a "doctrine of discretion, not of plaintiff's right." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). Consequently, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988). When the federal claims are dismissed before trial and only state law claims remain, the balance of factors to be considered under the supplemental jurisdiction doctrine weigh heavily in favor of declining jurisdiction; therefore, the federal court should usually decline the exercise of jurisdiction over the remaining claims and send them to state court. *See id*. According to the Fifth Circuit, "[o]ur general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Parker & Parsley Petroleum Company v. Dresser Industries*, 972 F.2d 580, 585 (5th Cir.1992) (citing *Wong v. Stripling*, 881 F.2d 200, 204

(5th Cir.1989)).

For this reason, the Court recommends that Plaintiff's remaining claims be either dismissed without prejudice or remanded to the state court for consideration.

## V. CONCLUSION

*Defendant United States' Motion to Dismiss* should be **GRANTED** and all of Plaintiff's claims against the United States should be dismissed without prejudice. Plaintiff's remaining claims should be dismissed without prejudice or remanded to the state court for consideration.

**SO RECOMMENDED** on this 8th day of February, 2010.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE